IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN WILLIAMS, #279734, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:13-CV-305-TMH |
| | ) [WO] |
| | ) |
| FRANK ALBRIGHT, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jonathan Williams ["Williams"], a state inmate, on May 2, 2013.[1] In this petition, Williams challenges convictions imposed upon him by the Circuit Court of Houston County, Alabama for violations of the Alabama Sex Offender Registration and Community Notification Act regarding the Act's no victim contact, *Ala. Code* § 15-20A-16, and possession of identification, *Ala. Code* § 15-20A-18, provisions. Williams maintains that the ASORCNA's requirement that he stay more than 100 feet away from the victim of the underlying sexual offense, his son, does not promote a compelling state interest and thereby

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Williams certifies he placed the petition in the prison mail system on May 2, 2013. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 8. In light of the foregoing and for purposes of the proceedings herein, the court considers May 2, 2013 as the date of filing.

violates both his right of association with his son and his substantive due process rights as this provision denies him the fundamental right to maintain a parent-child relationship. Williams also challenges the search of his wallet as violative of his Fourth Amendment rights due to the alleged unconstitutionality of the ASORCNA as previously set forth.

On June 19, 2013, the respondents filed an answer to the petition in which they argue that Williams has failed to exhaust state remedies with respect to the claims presented in the instant habeas petition. Specifically, the respondents maintain that Williams' direct appeal of his convictions is pending on a petition for writ of certiorari before the Alabama Supreme Court which contains a challenge to Williams' conviction for victim contact as violative of his fundamental right to maintain a relationship with his family.[2]

In light of the arguments presented by the respondents in their answer, the court entered an order affording Williams an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of June 19, 2013 - Doc. No. 12*. In response to this order, Williams concedes the pendency of his direct appeal but argues that this case should deviate from the exhaustion requirement because of the "special circumstances in this case [which] involve[] a family seeking justice . . . [and] the ability to heal." *Petitioner's Response - Doc. No. 15* at 9.

---

[2] Upon issuance of an adverse ruling by the Alabama Supreme Court, Williams may also seek review of his convictions by the United States Supreme Court.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  It is undisputed that Williams has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Williams' claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, the court finds that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Williams can fully exhaust the state court remedies which are available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be denied

2. The petition be dismissed without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that **on or before August 7, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of July, 2013.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE